IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES WHITE #1681806 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv694 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James White, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

White complained that prison officials lost his personal property, including a clock radio with headphones, a fann, and a hotpot, but the officials are refusing to replace the property, instead giving him "various unreasonable excuses" to avoid paying for it. White filed grievances concerning the loss of his property, but these grievances were screened (i.e. returned unanswered) because the grievable time period had expired.

After review of the pleadings, the Magistrate Judge issued a Report recommending that White's lawsuit be dismissed. The Magistrate Judge observed that White did not sue anyone in connection with the loss of his property other than the State of Texas, which has absolute immunity from suit unless this immunity is waived, which was not the case here. In addition, the Magistrate Judge stated that random and unauthorized deprivations of property do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists; because the Texas state administrative and judicial systems provide adequate state post-deprivation

remedies, White's federal due process claim is foreclosed. Finally, the Magistrate Judge stated that White's complaint about the operation of the prison grievance procedure lacks merit because prison inmates do not have a protected liberty interest in having grievances resolved to their satisfaction.

White received a copy of the Magistrate Judge's Report on September 29, 2014, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge, and has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 6) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to any claims in state court or through the administrative processes of TDCJ-CID concerning the loss of his property which White may elect to pursue. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 15th day of December, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**